UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHAALAN TRABOULSI,

Plaintiff,

v.

WHITE HOUSE EAST WING, et al.,

Defendants.

Case No. 26-cv-12669

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff's application to proceed *in forma pauperis*. (ECF No. 6). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Defendants in this case are the White House East Wing, SEC, NSA, FTC, FBI, FDA, DOJ, and CIA. Plaintiff alleges various injuries arising under four criminal statutes, 18 U.S.C. §§ 242, 2340A, 2261A, and 2244. (ECF No. 1).

However, none of these statutes on which Plaintiff relies provides a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)

(unpublished) (no private right of action under 18 U.S.C. § 242); *Malloy v. Watchtower Bible & Tract Soc'y*, No. 18-1041, 2019 U.S. App. LEXIS 90, at *2 (6th Cir. Jan. 2, 2019) (unpublished) (no private right of action under 18 U.S.C. § 2340A); *Pelfrey v. Giordano*, No. 25-5628, 2026 U.S. App. LEXIS 6747, at *2 (6th Cir. Mar. 6, 2026) (unpublished) (no private right of action under 18 U.S.C. § 2261A); *Jackson v. Nelson*, No. 22-00053, 2022 U.S. Dist. LEXIS 122994, at *7-8 (W.D. Wash. July 12, 2022) (no private right of action under 18 U.S.C. § 2244); *Warfield v. United States Air Force*, No. 20-00853, 2020 U.S. Dist. LEXIS 120911, at *6 (E.D. Cal. July 9, 2020) ("Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.").

Furthermore, Plaintiff's complaint is unorganized, difficult to comprehend, and repeatedly alleges that "they" caused him various injuries without ever specifying any action by any of the named defendants in this case.[1] The Court therefore concludes that the complaint fails to meet the pleading requirements necessary to state a claim for relief. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants adequate notice of the claims against them and the grounds

---

[1] Plaintiff had another case, with similar factual allegations as here against various governmental entities, dismissed in 2025 because "Plaintiff's allegations fail to state a claim upon which relief may be granted and fall into the 'totally implausible' category." *Traboulsi v. Mich.*, No. 25-11885, 2025 U.S. Dist. LEXIS 146223, at *2 (E.D. Mich. July 30, 2026).

upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted) (cleaned up); *Watson v. Ramere*, No. 25-10467, 2025 U.S. Dist. LEXIS 82205, at *6 (E.D. Mich. Apr. 30, 2025) (dismissing *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because it "remains unclear factually from the amended complaint how each of the nine defendants were individually involved in or contributed to any alleged scheme or theft"); *Watson v. Sikorcin*, No. 25-11873, 2025 U.S. Dist. LEXIS 130603, at *6-7 (E.D. Mich. July 9, 2025) (dismissing *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because it (1) "does not provide 'a short and plain statement of the claim showing that the pleader is entitled to relief'"; (2) "does not describe 'how each of the [] defendants were individually involved in or contributed to any alleged scheme or theft'"; and (3) "is long, unorganized, repetitive, and difficult to comprehend") (citations omitted; alteration in original); *see also id.* at *7 ("Without such clarity, the Court is unable to conclude that the complaint adequately puts Defendants on notice of the claims against them and, as such, the complaint is not viable.").

The Court therefore dismisses the complaint with prejudice for failure to state a claim.

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 6) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: October 5, 2026

s/Robert J. White
Robert J. White
United States District Judge